STATE OF NEBRASKA, APPELLEE, V.
JOHN W. ENGELHAUPT, APPELLANT.

313 N.W.2d 437

Filed December 11, 1981.   No. 44475.

William R. Reinsch for appellant.

Paul L. Douglas, Attorney General, for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

The defendant was charged with criminal failure to pay child support under the provisions of Neb. Rev. Stat. § 28-706(1)(6) (Reissue 1979) in violation of an order of the court entered in a divorce action. Defendant pled not guilty. He waived a jury trial, was found guilty, and sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. The only issue on appeal is whether the sentence is excessive.

The record establishes that the defendant was divorced on December 21, 1977, and directed to pay the sum of $140 per month in semimonthly payments for support of his child, then less than 1 year of age. The

clerk of the District Court testified that at the time of trial the defendant was in arrears in payment through December 15, 1980, in the total amount of $2,740, as shown by the records of the court. The testimony of the wife was that the defendant was regularly employed at all times, and the record discloses that he has a take-home pay of $550 a month. The wife is on ADC and all or most of the payments made by the defendant are going to the welfare department.

The defendant did not take the stand in his own behalf.

The presentence investigation indicates that the defendant is 31 years of age, born at Lynch, Nebraska. He is a cowboy employed by Timmerman Feed Yards at Springfield, Nebraska, and has been so employed for 8 years. He works regularly. He has some physical handicap because of childhood polio and a later tractor accident. He has an eighth grade education. His gross monthly pay is $750 and his take-home pay is $550. His vice is that he drinks three or four beers after work daily and gets drunk every 2 weeks.

It is reported in the presentence investigation that he stated he got behind on payments because his wife at first would not let him see the child; he reacted by not paying and then he could not catch up. He borrowed money to meet his arrearage when he was threatened with prosecution once previously, and he paid $900 at that time.

He is indebted to two different banks for $300 each and he pays one back $50 a month and the other $78. He owes the gas company $230 and pays that delinquency at $40 per month. In addition to the foregoing payments totaling $168, he pays $125 per month trailer rent, $20 for utilities, and $10 for insurance. This leaves $227 per month. Subtracting the $140 for child support, he has $87 for food, gasoline, and other expenses. He made $1,250 in child support payments during the year preceding sentencing.

The maximum penalty for the offense charged, a Class IV felony, is 5 years' imprisonment or $10,000

fine, or both. The trial court did not abuse its discretion.
AFFIRMED.

McCowN, J., dissenting.

The factual circumstances of this case demonstrate the inappropriateness of a penitentiary sentence for the defendant. Such punishment destroys any possibility of his paying any child support for the term of his imprisonment and may prejudice his employment opportunities thereafter. He has been regularly employed for 8 years and has made some substantial payments from time to time and incurred indebtedness in order to make some of them. His income is at the poverty level. With his present obligations, including current child support amounts, he has only $87 per month left for food, medicine, and clothing. The circumstances demand probation or some sentence permitting the defendant to continue his employment and may require modification of the amount of child support required to be paid. The punishment does not fit the crime nor the defendant. Neither does it solve the problem of collecting child support.

BOSLAUGH, J., joins in this dissent.